### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| BARBARA CHRISTINE THOMPSON, ) | Case No. 09-30112 |
| ) | |
| Debtor. ) | |

### MEMORANDUM OPINION

This case comes before the Court on two related matters: The Trustee's objection to the Debtor's claim of exemptions and the Debtor's motion to voluntarily dismiss her case. Both of these matters turn on whether the Debtor can claim the Kansas homestead exemption with respect to her residence in Kansas or whether she is limited to claiming the much less generous Missouri homestead exemption.

For the reasons stated below, the Court finds that under 11 U.S.C. § 522 (b)(3)(A) the Debtor is not entitled to claim the Kansas homestead exemption and therefore the Trustee's objection to her claim of exemption will be sustained. Further, the Debtor's motion to dismiss her case will be denied because of the prejudice to creditors that would result from a dismissal.[1]

### BACKGROUND

The facts are uncontested. The Debtor, Barbara Thompson, lived in Joplin, Missouri from 2001-2007. In July 2007, she sold her house in Joplin and used the proceeds to purchase her current residence in Galena, Kansas. Less than two years later, in February 2009, the Debtor filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Missouri. On Schedule C of her bankruptcy petition, the Debtor claimed her Kansas residence as exempt under Kansas state law.[2] Under Kansas law, all of the equity – approximately $75,000 – in the Debtor's home would be exempt. The Debtor has scheduled $123,555.54 in unsecured, nonpriority debt.

On July 23, 2009, the Court held a hearing on the Trustee's objection to the Debtor's claim of the Kansas homestead exemption and on the Debtor's motion to dismiss. The Debtor testified

---

[1] This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(2)(B). The following constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 7052.

[2] *See* Kan. Const., Art. 15, § 9.

that she filed her bankruptcy petition on the advice of Kansas counsel (not the Debtor's current counsel) with the understanding that she would be entitled to claim the (essentially) unlimited Kansas homestead exemption. The Debtor also testified, to her credit quite candidly, that if permitted to dismiss her case, she intended to use the Kansas homestead exemption to shield the equity in her home from creditors. There is no question that the Debtor would be entitled to claim the Kansas homestead exemption outside of bankruptcy or in a later-filed bankruptcy because the two-year limitation of 11 U.S.C. § 522 (b)(3)(A) is no longer applicable.

## DISCUSSION

The Court's decision to grant or deny the Debtor's motion to dismiss turns on whether a dismissal will prejudice the Debtor's creditors. And that question turns on the Debtor's entitlement to the Kansas homestead exemption. Therefore, the Court will deal with that issue first.

**A.    The Debtor cannot claim the Kansas homestead exemption**

Under the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, a debtor must be domiciled in a state for more than 730 days prior to the date the debtor files her bankruptcy petition in order for the debtor to claim any exemptions under the domiciliary state's laws.[3] If she is not domiciled in the state for 730 days, the debtor must claim exemptions under the law of the state in which she was domiciled for the greater part of the 180-day period preceding the 730-day period.[4] The uncontroverted facts establish that the Debtor was not domiciled in Kansas for 730 days prior to the date she filed her bankruptcy petition, and that she resided in Missouri for the greater part of the 180-day period preceding the 730-day period. Therefore, the Debtor is limited to the exemptions provided by Missouri law which, as relevant to this case, means that the Debtor's homestead exemption is capped at $15,000.[5]

**B.    Dismissal of the Debtor's case would prejudice creditors**

---

[3] 11 U.S.C. § 522 (b)(3)(A).

[4] *Id.*

[5] Mo. Rev. Stat. Ann. § 513.475 (1).

A court may dismiss a Chapter 7 bankruptcy case only for cause.[6] The factors considered in determining whether there is cause for dismissal are: "(1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending."[7] Even if a debtor can show an adequate cause for dismissal, a court cannot dismiss the case if dismissal would prejudice creditors.[8]

The Court does not doubt that the Debtor is acting in good faith, inasmuch as: 1) the Debtor moved to Kansas to be closer to her boyfriend, who provides some or all of her support, 2) the Debtor filed her bankruptcy petition in Missouri prior to the passage of the 730-day residence requirement based on the (erroneous) advice of counsel, and 3) she was candid to the Court about her intentions to avail herself of the Kansas homestead exemption if the Court dismisses her case. However, neither a debtor's desire to preserve the equity in her home nor the loss of that equity due to the apparent malpractice of the debtor's former attorney constitutes a valid cause for dismissal.[9]

While the Court is sympathetic to the Debtor's predicament, the Court cannot dismiss the case because such a dismissal would prejudice creditors. Upon dismissal, the Debtor would be able to exempt the full value of her Kansas residence under Kansas law, as opposed to the $15,000 that she is currently allowed to exempt under Missouri law. In fact, the Debtor candidly testified that it was her intention to claim the Kansas exemption and not pay her creditors. Accordingly, if this case were to be dismissed, the Debtor's unsecured creditors would be deprived of approximately $60,000, which is enough to pay almost 50% of her scheduled debts.

## CONCLUSION

---

[6] 11 U.S.C § 707(a). *See Turpen v. Eide* (*In re Turpen*), 244 B.R. 431, 433 (B.A.P. 8th Cir. 2000); *In re Williams*, 15 B.R. 655, 658 (E.D. Mo. 1981).

[7] *In re Turpen*, 244 B.R. at 434.

[8] *In re Maixner*, 288 B.R. 815, 817 (B.A.P. 8th Cir. 2003)*; In re Turpen*, 244 B.R. at 433.

[9] *In re Maixner*, 288 B.R. at 818.

Under § 522 (b)(3)(A), the Debtor's exemptions are governed by Missouri law because she did not live in Kansas for 730 days prior to the petition date, and she resided in Missouri for the greater part of 180 days prior to the 730-day period. Under Missouri law, the Debtor's homestead exemption is limited to $15,000. Because the Debtor has more than $15,000 equity in her home – approximately $75,000, in fact – dismissal of the Debtor's case would prejudice creditors. A separate Order will be entered in accordance with Bankruptcy Rule 9021.

**ENTERED** this 10th day of August 2009.

/s/ Jerry W. Venters
Hon. Jerry W. Venters
United States Bankruptcy Judge

A copy of the foregoing was mailed
conventionally or electronically to:
Norman Rouse
J. Kevin Checkett